IN THE UNITED STATES DISCRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RONALD P. WIDENER,  Civil Action No.: 2022-cv- 00030

    Plaintiff,  FLA BAR NO.: 41040

vs.

                                              JURY TRIAL DEMANDED

RUMBLES DOCUMENT SOLUTIONS, LLC
a wholly owned subsidiary of KYOCERA
DOCUMENT SOLUTIONS OF AMERICA, INC.,

    Defendant(s).
_____/

## COMPLAINT FOR DAMAGES

Plaintiff RONALD P. WIDENER, hereby sues the Defendants, RUMBLES DOCUMENT SOLUTIONS, LLC, and KYOCERA DOCUMENT SOLUTIONS OF AMERICA, INC. and for his Complaint alleges as follows:

## NATURE OF THE ACTION

1. This is an action for disability discrimination and retaliation under the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq. ("ADA") and under the Florida Civil Rights Act, Florida Statutes §§ 760.01 et seq. ("FCRA") and for unpaid back wages pursuant to Florida Statutes Ch. 448.

2. This action seeks damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs and attorney's fees and other relief and is therefore within this Court's subject matter jurisdiction.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's claims ADA claims arising under 42 U.S.C. §§ 12101, pursuant to 28 U.S.C. 1331 (federal question) and also has supplemental or pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367 which arise out of Plaintiff's employment and the same common nucleus of operative facts as his federal claims.

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1391(b) because at all material times Plaintiff was employed at the Defendants Tallahassee office located at 501 East Tennessee Street, Suite C, Tallahassee, Florida 32308 and the Defendants' unlawful employment practices as alleged herein occurred in or about Tallahassee, Florida.

5. All required administrative remedies and/or conditions precedent to bringing and maintaining this action for employment discrimination have been timely exhausted, performed, have occurred or have been waived.

6. That Plaintiff timely filed a Charge alleging, inter alia, Disability Discrimination and Retaliation with the Equal Employment Opportunity Commission ("EEOC") and/or the Florida Commission on Human Relations ("FCHR") which did not determine the merits and issued Plaintiff a Notice of Rights dated October 22, 2021. Accordingly this action is timely filed within ninety (90) days of the issuance of said Notice.

## PARTIES

7. The Plaintiff, RONALD P. WIDENER ("Plaintiff" or "Widener") is a resident of the State of Florida, Leon County and at all material times was an "employee" of the Defendants as defined by the ADA, 42 U.S.C. 12111 and an "aggrieved person" under Fla. Stat. § 760.02

8. The Defendant, RUMBLES DOCUMENT SOLUTIONS, LLC ("Rumbles") is a Georgia limited liability corporation having its principal place of business located at 1319 West Jackson Street, Thomasville, GA 31792 and doing business at 501 East Tennessee St., Suite C, Tallahassee, Florida and at all material times was a "covered entity" and Plaintiff's "employer" and as defined by 42 U.S.C. 12111.

9. The Defendant KYOCERA DOCUMENT SOLUTIONS AMERICA, INC. ("Kyocera") is a California corporation with its principal place of business located at 225 Sand Road, Fairfield, NJ 07004 and at all material times was a "covered entity" and Plaintiff's "employer" as defined by 42 U.S.C. 12111.

10. That shortly after Plaintiff's employment began, in September 2017, Rumbles was purchased and acquired by Kyocera and became a *wholly owned subsidiary* of Kyocera and thereby the two became a single "covered entity" and Plaintiff's "employer" as defined by 42 U.S.C. 12111. Accordingly, unless otherwise specified, Rumbles and Kyocera are hereinafter referred to collectively as "Defendant".

### STATEMENT OF ULTIMATE FACTS

**A.    Plaintiff's Hiring and Excellent Performance History**

11. On or about August 18, 2017 Plaintiff was hired by the Defendant Rumbles for the position of "sales manager" responsible for all new and existing customer accounts in the North Florida and South Georgia area and worked continuously in that capacity until his surreptitious dismissal on August 13, 2020.

12. As sales manager Plaintiff's compensation was partially salaried and partially commission based. Plaintiff's sales performance was both excellent and consistent throughout his tenure as demonstrated by his consistent annual compensation all three years.

13.     That Plaintiff was interviewed and hired by Rumble's founder and namesake, Forston Rumbles, who continued to actively manage Plaintiff and the employees he supervised directly.  Indeed, Plaintiff was required to have Forston Rumbles interview and approve any candidate he was considering hiring for a position on his sales team.  As the North Florida / South Georgia Sales Manager Plaintiff was responsible for a team of six (6) sales representatives who reported directly to him and was supervisor to as many as twelve (12) employees total.

14.     That throughout his employment, Plaintiff's overall job performance was excellent and was consistently rated as "exceeds expectations".  Indeed, just a few months prior to his dismissal Plaintiff's performance was rated as 3.6 / 4.0 by his supervisor.

15.     Shortly before his dismissal Plaintiff also received an award from Defendant in recognition of his "excellent sales performance" for the previous year which had again exceeded his sales quota by nearly twenty percent (20%) as he had done the year before.

16.     Accordingly, Plaintiff's sudden dismissal in August 2020 came as a quite a shock since he had received no prior verbal or written notice or warning whatsoever regarding any performance deficiency or any other issue or concern with respect to his employment.

**B.     Plaintiff's Disability and Request for Accommodation**

17.     In or about March 2020 when fear, uncertainty and anxiety regarding the COVID-19 Pandemic and mortality rates therefrom was extremely high in Florida and America federal and state agencies such as the Centers for Disease Control ("CDC") and the Florida's Dept. of Health ("DOH") and Governor had started issuing "stay at home orders" and imposing mask mandates, social distancing requirements, and advising employers to allow employees to work remotely.

18. At that time, in March 2020 and for the next several months, very little information about COVID-19 was publicly known other than very high mortality rates among persons over 50 who contracted the disease and were already suffering from one or more "co-morbidities" such as diabetes, hypertension, obesity, and other chronic medical conditions.

19. Beginning on or about March 23, 2020, like other employers, Defendant allowed its employees, including Plaintiff, to begin working remotely.  For Plaintiff this included suspending mandatory in person attendance at a weekly breakfast meeting of Defendants "executive staff" which had been held every Wednesday morning at 7:00 a.m. at a café/restaurant in Thomasville, GA.  Defendant considered attendance at this weekly meeting so important that Plaintiff's attendance was made a condition of his written offer of employment.

20. However after less than two months Defendant announced that all employees were required to return to in person work at their regular office locations beginning the first week of May 2020 although social distancing and masking policies remained in effect.  For Plaintiff the return to work included resuming mandatory attendance at the weekly breakfast meeting of the executive staff.

21. Upon returning to work on or about May 4, 2020, Plaintiff met with his direct supervisor, Jay Fletcher, to request that he be temporarily excused from "in person" attendance at the weekly breakfast meetings because he was at elevated risk of serious illness, hospitalization or even death from COVID-19 because he had Type II Diabetes and Hypertension and was over age 50.  Such comorbidities were still being widely reported as a major contributing factor in cases of persons being hospitalized and dying from COVID-19 on a daily basis.

22. Plaintiff explained that his particular concern was based on the nature and location of the weekly breakfast meetings and because masking and social distancing were not

possible and the risk of transmission and infection were much greater when sitting in very close proximity with 4-5 other employees eating breakfast and talking.

23. That Defendant reiterated how important the weekly meetings were and refused Plaintiff's request for accommodation. Moreover, Defendant failed and refused to engage or attempt to engage Plaintiff in the required "interactive process" or other discussions to consider his request and/or to explore potential accommodations.

24. That Plaintiff offered to attend the meetings remotely or to meet separately with his supervisor, Jay Fletcher, at the office or by phone after the breakfast meeting receive an update but his requests and his subsequent attempts to do so were refused.

25. That Plaintiff has retained the undersigned attorney to represent his interests in this cause and is obligated to pay same a reasonable attorney's fee for these services. That pursuant to 42 U.S.C. 12205 et seq. and Florida Statutes §§ 760.11(5) Defendant should be made to pay all of Plaintiff's reasonable attorney's fees and costs incurred in bringing this action.

## COUNT I
## DISABILITY DISCRIMINATION
[42 U.S.C. 12101 et seq and Fla. Stat. §§ 760.01]

Plaintiff repeats and realleges paragraphs 1 through 25 above as if set out hereafter in length and further states:

26. Plaintiff's is a "qualified individual" and his Diabetes is considered a qualified "disability" as defined by 42 U.S.C. 12102 and has been recognized as such by EEOC guidance and interpretive case law.

27. That Plaintiff is a qualified employee who is able to perform the essential functions of the job with or without an accommodation.

28. That Plaintiff's request for accommodation was eminently reasonable under the circumstances and posed no undue burden or hardship to the Defendant "employer".

29. That Defendant violated the ADA, 42 U.S.C. 12112 et seq by inter alia:

a. Denying Plaintiff's request for reasonable accommodation.

b. Failing and refusing to engage in the requisite "interactive process" or discussion with Plaintiff regarding the nature and specifics of his request for accommodation to explore what it entailed or whether it could be granted without any undue burden, expense or other hardship to Defendant.

c. Improperly interrogating Plaintiff about his medical condition(s) and disability outside of the proper human resource channels or through his healthcare provider in violation of 42 USC § 12112.

d. Improperly discussing, sharing and revealing Plaintiff's private medical condition(s) and disability with Plaintiff's co-workers whom were not entitled to know same in violation of Plaintiff's rights under the ADA and his right to medical privacy in violation of 42 USC § 12112.

e. Making comments and remarks intended to make Plaintiff feel guilty or ashamed of his disability, accommodation request, and medical conditions and otherwise diminishing same;

30. Defendants had actual knowledge of Plaintiff's disability and his request for accommodation and Plaintiff was treated disparately from similarly situated co-workers who were not disabled.

31. Defendants are liable for the discrimination, disparate treatment and hostility towards Plaintiff because they controlled the actions and inactions of the persons making decisions affecting a term, condition or privilege of Plaintiff's employment.

32. Defendants knew or should have known about the discrimination Plaintiff suffered but failed to take any remedial action or otherwise attempt to prevent or abate the discrimination Plaintiff suffered. Defendants therefore knowingly condoned, ratified and allowed the differential treatment of Plaintiff as alleged hereinabove because it allowed the disparate treatment and/or participated in same.

33. That the Defendants' acts of discrimination including Plaintiff's dismissal on contrived grounds as herein alleged were based upon Plaintiff's disability and were not based upon any objectively reasonable, good faith or non-discriminatory reason in violation of the above cited statutes.

34. Defendants acts of discrimination affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and the events set forth herein lead directly to Plaintiff's dismissal from employment on contrived grounds.

35. Defendant's deliberate acts and omissions constitute intentional employment discrimination based upon Plaintiff's disability in violation of the above cited statutes.

36. That as a direct and proximate result of Defendants' acts of discrimination as hereinabove described, Plaintiff has suffered emotional distress, mental pain and suffering, inconvenience, mental anguish, humiliation, indignation, anxiety, depression, loss of enjoyment of life and other non-pecuniary losses.

37. That as a direct and proximate result of Defendants' acts of discrimination as hereinabove described Plaintiff has also suffered pecuniary / economic losses including lost back wages and front pay, interest thereon, bonuses, employee benefits such as health and retirement and other fringe benefits. These damages have occurred in the past, are permanent and continuing and will continue to accrue into the future.

## COUNT II
## RETALIATION

Plaintiff repeats and realleges paragraphs 1 through 29 above as if set out hereafter in length and further states:

38. This action is for unlawful dismissal and other adverse employment action taken by Defendants against Plaintiff in retaliation for his protected activity in invoking his rights under the ADA and seeking a reasonable accommodation for his disability under 42 USC 12101 *et seq*.

39. That prior to being terminated from employment Plaintiff requested a reasonable accommodation under the ADA, pursuant to 42 U.S.C. 12101 et seq.

40. That on or about May 4, 2020 Plaintiff met with his supervisor Jay Fletcher to request an accommodation to wit: to be excused from in person attendance at weekly breakfast meetings of the executive staff due to his elevated risk of serious illness, hospitalization or death from COVID-19 as a result of his diabetes and hypertension.

41. That Defendant refused Plaintiff's request for accommodation and failed and refused to engage in any "interactive process" as required by the ADA to explore or investigate Plaintiff's request for accommodation or to consider whether same posed any undue burden or hardship to Defendant.

42. That as a direct and proximate result of Plaintiff's request for reasonable accommodation and other protected activity Plaintiff's employment was terminated on pretextual grounds contrived by Defendant to conceal its unlawful retaliatory motive.

43. The adverse personnel action taken against Plaintiff including his ultimate dismissal from employment by the Defendants was intentional, deliberate and willful and was

carried out in retaliation for Plaintiffs invoking his rights under the ADA and was not based upon any objectively reasonable or justifiable work related reason.

44. As a direct and proximate result of Defendants' acts of retaliation, Plaintiff has suffered emotional distress, mental pain and suffering, inconvenience, mental anguish, humiliation, indignation, anxiety, depression, loss of enjoyment of life, and other non-pecuniary losses.

45. As a direct and proximate result of Defendants' acts of retaliation as described above Plaintiff has also suffered pecuniary / economic losses including lost back pay and front pay and interest thereon together with bonuses, health, retirement and other fringe benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT III
## UNPAID WAGES
(Fla. Stat. §§ 448.01)

Plaintiff repeats and realleges paragraphs 1 through 25 above as if set out hereafter in length and further states:

46. That this is an action for unpaid back wages owed to Plaintiff by Defendant pursuant to Fla. Stat. § 448.01 et seq.

47. That Plaintiff was employed by Defendant from August 2017 through August 2020 when he was unlawfully terminated without notice on pretextual grounds.

48. That at the time of his termination on 8/13/20 Plaintiff was owed approximately $1700 in back wages which is due with interest at the legal rate from the date of his termination through the present.

49. That Defendant had no lawful reason or grounds to withhold Plaintiff's final paycheck for wages and commission earned and unlawfully tried to coerce Plaintiff into signing

a blanket general release of liability for all the violations of federal and state employment laws as hereinabove alleged in exchange for payment of the wages and commission he earned and were lawfully owed to him at the time of his termination.

50. That as a direct and proximate result of Defendants unlawful withholding of Plaintiff's wages, he has been damages and has been made to engage legal counsel to collect same.

51. That pursuant to Fla. Stat. §448.08 Plaintiff is entitled to an award of his reasonable attorney's fees and costs incurred in having to file suit against the Defendant to collect the back wages he earned and is rightfully owed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RONALD P. WIDENER, prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant all allowable equitable relief against the Defendants including back pay and benefits, enjoining Defendants from engaging in further unlawful employment practices and mandating Defendants' obedience to the laws cited herein;

(c) enter judgment in favor of Plaintiff and against the Defendants, awarding all allowable general and compensatory damages, economic and non-economic losses including pain and suffering, emotional distress and other damages suffered by Plaintiff as a result of Defendants' acts and omissions and violations of law as alleged herein;

(d) enter final judgment in favor of Plaintiff and against the Defendants;

(e) award Plaintiff punitive damages as provided by law and in accordance with the requisite proof;

(f) enter judgment against the Defendants and in favor of Plaintiff permanently enjoining Defendant from future violations of the laws enumerated herein;

(g) enter judgment against Defendants and in favor of Plaintiff awarding Plaintiff all reasonable attorney's fees and costs incurred in bringing and maintaining this action;

(h) award Plaintiff pre-judgment interest, statutory and liquidated damages as provided by law; and

(i) award all such other further relief which the Court deems just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 20th day of January 2022

    Respectfully submitted,

**THE LoCURTO LAW FIRM, P.A.**
241 East 6th Avenue
Tallahassee, FL  32303
Direct: (850) 566-1601
Fax:    (850) 254-7797
Email: locurtolaw@aol.com

BY: /s/ C. Vincent LoCurto
    C. VINCENT LoCURTO, ESQ.
    Florida Bar No.: 41040

*Attorney for Plaintiff*